| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HUNG ERN TOH, BARR CONSULTING AND HOLDINGS, INC., AND BARR HOLDINGS, LLC. (Dkt. 83, filed May 14, 2019)

## I. INTRODUCTION AND BACKGROUND

This case concerns an allegedly fraudulent scheme orchestrated by Hung Ern Toh ("Toh"), wherein Toh convinced Chinese nationals to invest substantial sums of money in his entities, Barr Consulting and Holdings, Inc. and Barr Holdings, LLC (the "Barr entities"), by promising them that these investments would allow them to obtain permanent resident status in the United States. Dkt. 15 at ¶ 1. Toh then allegedly misappropriated these funds for his own use. Id. This scheme has resulted in the filing of several related cases in this Court.

Plaintiff Fan Yang ("Yang"), a citizen of the People's Republic of China, entered into a series of contracts with Toh for immigration services. Dkt. 83-1, Declaration of Fan Yang ("Yang Decl.") ¶ 3. Under the agreements, Toh promised Yang that by investing $250,000 with the Barr entities, Yang would qualify for an L–1 visa for travel to and from the United States and would eventually be able to obtain permanent residence status in the United States. Id. ¶ 4. Toh also assured Yang that the $250,000 investment would be held in an escrow account held by Beverly Hills Escrow ("BHE") until his immigration status was resolved. Id. ¶ 6. Based on these representations, Yang deposited $250,000 into BHE's escrow account. Id. ¶ 3.

Thereafter, BHE distributed Yang's $250,000 to Toh and the Barr entities without Yang's authorization. Id. ¶ 10. On or about September 2016, Yang contacted BHE to inquire about the status of the $250,000 and received materially different escrow instructions from BHE than the ones he had signed. Id. ¶ 12. Yang made several

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

attempts to contact Toh, but Toh thereafter engaged in delay tactics and refused to return Yang's $250,000 investment. Id. ¶ 13.

On August 18, 2017, Yang brought this action against defendants BHE, Toh, and the Barr entities. Dkt. 1. Yang subsequently filed an amended complaint on October 18, 2017. Dkt. 15 ("FAC"). The gravamen of the complaint is that defendants misled Yang into believing that, by making an investment of $250,000 with defendant Toh and his Barr entities, Yang would qualify for an L-1 Visa, and would eventually be able to obtain permanent residence status in the United States. FAC ¶ 1. Yang alleges claims against Toh and the Barr entities for: (1) fraud; (2) conversion; (3) rescission and restitution due to fraud; and (4) violation of the California Business & Professions Code § 17200 et seq. ("UCL"). Yang alleges claims against BHE for (1) aiding and abetting; and (2) breach of fiduciary duty.

Counsel for Toh and the Barr entities have since withdrawn from representation. Dkts. 47, 53. Toh's counsel withdrew on August 28, 2018, dkt. 47, and the Court allowed the Barr entities' counsel to withdraw on September 25, 2018, dkt. 53. The Barr entities were ordered to obtain new counsel within thirty days of the date of that order. Id. On November 7, 2018, the Court ordered the Barr entities to show cause in writing no later than December 7, 2018 as to why their answers should not be stricken and default be entered against them for failure to retain new counsel. Dkt. 56. The Court held a status conference on November 26, 2018, which Toh failed to attend. Dkt. 57. Yang's counsel also notified the Court that they had been unable to contact Toh. Id. The Court ordered Toh to show cause in writing no later than December 14, 2018, as to why his answer should not be stricken for failure to appear at the Court-ordered telephone hearing. Id. Toh and the Barr entities never responded to the Court's orders. On February 6, 2019, Yang filed an *ex parte* application to strike Toh and the Barr entities' answers to the complaint. Dkt. 60. The Court granted this request on February 7, 2019 and ordered the default of Toh and the Barr entities. Dkt. 61. Pursuant to the Court's order, the Clerk entered default against Toh and the Barr entities on February 7, 2019. Dkt. 62. On May 14, 2019, Yang filed the instant motion for default judgment against Toh and the Barr entities on his claims for fraud, rescission and restitution due to fraud, conversion, and violation of the UCL. Dkt. 83 ("Mot."). Yang also filed supporting declarations and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

exhibits.[1] Yang served the motion for default judgment on Toh and the Barr entities and filed proof of service on May 14, 2019. Dkt. 83-6. Yang's motion is unopposed.

The Court held a hearing on June 17, 2019. Having carefully considered Yang's motion and supporting exhibits, the Court finds and concludes as follows.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and

---

[1] In support of the instant motion, Yang submitted the declaration of Bradford Flecke. Dkt. 83-2 ("Flecke Declaration"). On May 30, 2019, BHE filed evidentiary objections to several statements Flecke made in his declaration. Dkt. 88. On June 19, 2019, Yang filed a request to withdraw the Flecke declaration. Dkt. 92. As the Court does not rely on this declaration in ruling on the instant motion, the Court overrules as moot BHE's objections and denies as moot Yang's request to withdraw the Flecke declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

(7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

### A. Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. PepsiCo, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given the failure of Toh and the Barr entities to defend this suit, Yang would be prejudiced if denied a remedy against these defendants. As a result, the first Eitel factor weighs in favor of entering default judgment against Toh and the Barr entities.

### B. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court analyzes each of Yang's alleged claims in turn below.

#### i. Fraud and Rescission and Restitution Based on Fraud

Yang seeks recovery for violations of the California Civil Code, under which a defendant is liable upon engaging in fraud. Mot. at 11. Under California Civil Code Section 1709, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers." Cal. Civ. Code § 1709. Because fraud is an intentional tort, a plaintiff must plead and prove the following elements of fraud: "(1) misrepresentation; (2) knowledge of falsity; (3) intent [to] induce reliance; (4) justifiable reliance; and (5) resulting damage." Conrad v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

Bank of America, 45 Cal. App. 4th 133, 156 (1996).  Also, when pleading claims amounting to fraud, a plaintiff must satisfy the demands of Rule 9(b) of the Federal Rules of Civil Procedure, which states that "a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Pro. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Yang alleges that in June 2015, Toh knowingly made various misrepresentations and false promises to induce Yang to invest $250,000 with the Barr entities.  FAC ¶¶ 15-26.  Toh represented to Yang that the $250,000 would be held in BHE's escrow account until Yang's immigration status was fully resolved.  Id. ¶ 2.  Yang relied on Toh's's false promises, and subsequently signed a series of agreements with the Barr entities agreeing to make a $250,000 investment.  Id. ¶ 16.  Sometime in June 2015, Yang deposited the $250,000 into BHE's escrow account.  Id. ¶¶ 7, 21.  Instead of waiting until Yang's immigration status was fully resolved, Toh directed BHE to immediately release the funds to himself and the Barr entities.  Id. ¶ 22.  The Court finds that Yang has sufficiently alleged that Toh and the Barr entities violated § 1709 under Rule 9(b)'s heightened pleading requirements.

### ii. Conversion

"Conversion is the wrongful exercise of dominion over the property of another." Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 543 (1996).  "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 601 (9th Cir. 2010).  California courts permit actions for conversion of money "where a readily ascertainable sum has been misappropriated, comingled, or misdirected."  Sims v. AT&T Mobility Services LLC, 955 F. Supp. 2d 1110, 1118 (E.D. Cal. 2013).  Yang alleges that his $250,000 investment was improperly disbursed to the Barr entities in violation of Yang and Toh's agreement and without Yang's consent or authorization.  Mot. at 12-13.  Consequently, Toh and the Barr entities deprived Yang of his ownership of the $250,000.  Id. at 13.  Accordingly, Yang has stated a claim for conversion against Toh and the Barr entities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

### iii. Unlawful Business Conduct Pursuant to Section 17200

To state a claim for unlawful business practices under Cal. Bus. & Prof. Code § 17200 ("UCL"), "a plaintiff must allege that [he or she] has suffered (1) economic injury (2) as a result of the alleged unfair business practice." Stewart v. Screen Gems-EMI Music, Inc., 81 F. Supp. 3d 938, 967 (N.D. Cal. 2015). Here, Yang alleges that Toh and the Barr entities were unjustly enriched by engaging in the unlawful business practice of inducing Chinese nationals to invest in sham entities based on the false promise that such an investment would allow these individuals to obtain permanent residence. FAC ¶ 1. Toh represented that the investments would be held in an escrow account pending resolution of an investor's immigration status, but Toh and the Barr entities instead misappropriated the investments for their own benefit. Id. Yang has sufficiently alleged that he suffered economic injury as a result of Toh and the Barr entities' unfair business practice. Id. ¶ 85. Accordingly, the Court finds that Yang has stated a claim under the UCL.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment for Yang's claims for fraud, rescission and restitution due to fraud, conversion, and violation of the UCL.

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Yang seeks compensatory damages based on the $250,000 that Yang paid to Toh and the Barr entities and $400.00 in legal costs. Yang supports his request for compensatory damages with (1) his declaration and describing the circumstances of the initial $250,000 deposit, Yang Decl. ¶¶ 4–8; (2) contracts outlining the terms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | |

$250,000 transaction, dkt. 83-1.  With respect to the $400.00 in legal costs, Yang's counsel, Rachel T. Gezerseh, submitted a declaration describing the filing fee costs incurred by her firm.  Dkt. 85-3.  Accordingly, the Court finds that compensatory damages in the amount of $250,000.00 and legal costs in the amount of $400.00 are appropriate.

### D. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed.  PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  PepsiCo, 238 F. Supp. 2d at 1177.  Having defaulted, Toh and the Barr entities have admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion.  See Elektra, 226 F.R.D. at 393.  Accordingly, this factor weighs in favor of entering default judgment.

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect.  PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.  Here, there is no indication that default was entered due to excusable neglect.  Since their counsel withdrew, Toh and the Barr entities have not appeared in this litigation.  Mot. at 15.  Moreover, despite several court orders, Toh has failed to appear at his deposition and a court-ordered hearing.  Toh and the Barr entities have also failed to respond to orders to show cause issued by this Court.  Id.  Toh and the Barr entities, despite being properly served, have not responded, attempted to have their defaults set aside, nor opposed Yang's Motion for Default Judgment.  See Dkt. 83.  Accordingly, this factor weighs in favor of entering default judgment against Toh and the Barr entities.

### F. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits.  See Eitel, 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive."  PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted).  A party's failure to answer or appear makes a decision on the merits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:17-cv-06161-CAS-RAOx | | Date | June 24, 2019 |
| Title | FAN YANG V. HUNG ERN TOH ET AL. | | | |

impractical, if not impossible. Id. Toh and the Barr entities' failure to defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against defendants. Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of Yang's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted).

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Yang's motion for default judgment.

The Court **OVERRULES** as moot BHE's evidentiary objections and **DENIES** as moot Yang's request to withdraw the Flecke declaration.

The Court **ORDERS** that judgment be entered against defendants Hung Ern Toh, Barr Holdings, LLC, and Barr Consulting & Holdings, Inc. These defendants shall be liable to Yang in the amount of $250,400.00, which is comprised of $250,000.00 in compensatory damages and $400.00 in costs, plus post-judgment interest from the date of entry of judgment until paid.

IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | | 00 : 00 | |
| Initials of Preparer | | CMJ | |